UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HECTOR ORLANSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 15-0649 (ABJ) |
| ) | |
| ) | |
| DEPARTMENT OF JUSTICE *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION

Plaintiff Hector Orlansky, a federal prisoner, filed this lawsuit to expedite the processing of his Freedom of Information Act ("FOIA") request to the Executive Office for United States Attorneys ("EOUSA"), seeking records maintained by the United States Attorney's Office in the Southern District of Florida ("USAO/SDFL"). Having now processed the request, defendants move to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56, ECF No. 11. Upon consideration of the parties' submissions and the entire record, the Court will grant defendants' motion and enter judgment accordingly.

**BACKGROUND**

In a FOIA request dated January 14, 2014, plaintiff sought:

> 1) Any and all such records pertaining to the recusal of U.S. Attorney Wilfredo Ferrer from litigation, in the Southern District of Florida, in general or specific cases; 2) Any and all such records pertaining to the appointment of Benjamin Greenberg, as U.S. Attorney; 3) Any and all such records pertaining to the appointment of Benjamin Greenberg, pursuant to 28 USC § 515 between January 1, 2010 and the current date [January 14, 2014], to include orders of the

1

>Attorney General; 4) Any such information relating to items 1-3 as it relates to individual Hector Orlansky.

Compl., Ex. A; Decl. of Maritza Cuadros ¶ 7, ECF No. 11-2.  After the filing of this action in April 2015, EOUSA informed plaintiff by letter dated July 7, 2015, that it was withholding all 220 responsive pages under FOIA exemptions 5, 6 and 7(C), *see* 5 U.S.C. § 552(b).  Decl. of Princina Stone, Attach. A, ECF No. 11-1.  In response to plaintiff's opposition to the instant motion, EOUSA expanded its initial search to include its Office of General Counsel ("OGC"); it located "a copy of the complete file on this recusal action . . ., consisting of 39 pages," and "verified" that all but five pages were among the previously reviewed 220 pages.  Suppl. Stone Decl. ¶¶ 7-8, ECF No. 18-2.  The additional five pages were withheld as well under exemptions 5, 6 and 7(C).  *Id*. ¶¶ 9-10.  EOUSA also located "two memoranda embedded within [ ] emails between the Assistant United States Attorneys discussing U.S. Attorney Ferrer's recusal." It referred those documents to DOJ's Office of Information Policy ("OIP"), as the office "responsible for processing requests for records from six senior leadership offices," including the Office of the Deputy Attorney General ("ODAG").  *Id*. ¶¶ 12-13.

By letter dated November 5, 2015, OIP released the referred records to plaintiff in their entirety as documents constituting the agency's final decision about the recusal.  Decl. of Vanessa R. Brinkmann, Ex. A, ECF No. 18-1.  *See* Brinkmann Decl. ¶ 6 (describing the released documents as notification to "the U.S. Attorney's Office of ODAG's approval of U.S. Attorney Ferrer's recusal and authorization of First Assistant U.S. Attorney Greenberg to act in Mr. Ferrer's place in *U.S. v. Orlansky*, as well as in any related matters").

**LEGAL STANDARDS**

**A.  Motions to Dismiss**

In evaluating a motion to dismiss, the court must "treat the complaint's factual allegations as true . . .  and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' " *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted). Nevertheless, the court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *see Warren v. District of Columbia*, 353 F.3d 36, 39-40 (D.C. Cir. 2004) (differentiating unacceptable conclusions of law from acceptable conclusions of fact).

**B.  Motions for Summary Judgment**

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009).  The district court reviews the agency's action *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *accord Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  To prevail in a FOIA action, an agency must demonstrate that each document that falls within the class requested either has been produced . . .  or is wholly exempt from the [FOIA's] inspection requirements.' " *Students Against Genocide v. U.S. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001), quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978).  In other words, the agency must show that "materials that are withheld . . . . fall within a FOIA statutory exemption."  *Leadership Conf. on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005).  Since FOIA mandates a

"strong presumption in favor of disclosure," *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991), an agency's invocation of exemptions is to be "narrowly construed." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). The agency seeking to withhold a document bears the burden of showing that it falls within the cited exemption. *Natural Res. Def. Counsel, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000). The Court of Appeals has "emphasized," however, "that an agency's task is not herculean. The justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Murphy v. Exec. Off. for U.S. Attorneys*, 789 F.3d 204, 209 (D.C. Cir. 2015) (citation and internal quotation marks omitted).

On summary judgment, the Court generally "must view the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in his favor, and eschew making credibility determinations or weighing the evidence." *Montgomery v. Chao*, 546 F.3d 703, 706 (D.C. Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). But where, in a FOIA case, a plaintiff has not provided evidence that an agency acted in bad faith, "a court may award summary judgment solely on the basis of information provided by the agency in declarations," *Moore*, 601 F. Supp. 2d at 12, provided the declarations are not "conclusory[,] . . . vague or sweeping." *King v. United States Dep't of Justice*, 830 F.2d 210, 219 (D.C. Cir. 1987) (internal citation and quotation marks omitted).

## ANALYSIS

### I.  Defendants' Motion to Dismiss

Plaintiff invokes both FOIA and the Administrative Procedure Act (APA). *See* Compl. ¶ 1. Since the complaint is predicated on the alleged unlawful withholding of agency records, the "comprehensiveness of FOIA" forecloses any purported APA claim. *Johnson v. Exec. Off. for*

*U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002); *see accord Isiwele v. United States Dep't of Health & Human Servs.*, 85 F. Supp. 3d 337, 352 (D.D.C. 2015). Hence, defendants' motion to dismiss the APA claim, *see* Defs.' Supp'g Mem. at 7-8, is granted.

## II.   Defendants' Motion for Summary Judgment

EOUSA withheld records completely under FOIA exemption 5, and it redacted third-party identifying information contained in those records under exemptions 6 and 7(C). *See* Stone Decl. ¶¶ 9-26 & Attach. B (*Vaughn* Index); Suppl. Stone Decl., Attach. A (Suppl. *Vaughn* Index). When an agency relies on multiple exemptions, "courts may uphold agency action under one exemption without considering the applicability of the other." *Larson v. Dep't of State*, 565 F.3d 857, 862-63 (D.C. Cir. 2009).

FOIA exemption 5 bars disclosure of "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). A document may be properly withheld under exemption 5 only if it satisfies "two conditions: its source must be a [g]overnment agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." *U.S. Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). The Court of Appeals has interpreted exemption 5 "to encompass the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context, including materials which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive deliberative process privilege." *Formaldehyde Inst. v. Dep't of Health & Human Servs.*, 889 F.2d 1118, 1121 (D.C. Cir. 1989) (internal quotation marks omitted).

5

EOUSA contends that the withheld records are protected under exemption 5 as attorney work product and deliberative process material. Attorney work product encompasses material " 'prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).' " *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 369 (D.C. Cir. 2005), quoting Fed. R. Civ. P. 26(b)(3). "[T]he Supreme Court has made clear [that] the [work product] doctrine should be interpreted broadly and held largely inviolate[.]" *Id.*, quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947).

The withheld records are described as "privileged email communications among government attorneys" about U.S. Attorney Ferrer's "possible recusal from certain civil or criminal matters." *Vaughn* Index. The "underlying discussions were related to ongoing or contemplated litigation or negotiations involving the USAO/SDFL[.]" *Id.* According to EOUSA's declarant, "[t]he government attorneys involved in [the] email discussions were acting as legal advisors to the agency[,]" and "in each instance, litigation was either ongoing or contemplated." Stone Decl. ¶ 17. The Court finds the emails to be attorney work product and, thus, protected from disclosure under exemption 5. This essentially ends the matter because "if a document is fully protected as work product, [ ] segregability is not required." *Judicial Watch, Inc.,* 432 F.3d at 371. Nevertheless, the Court finds that defendants properly asserted the deliberative process privilege as well since the withheld emails reflect the agency's "back and forth discussions," pondering potential "outcomes of U.S. Attorney Ferrer's recusal from certain matters that took place 1) in advance of the final recusal decision, and 2) [ ] after the final ODAG memoranda . . . as the [USAO/SDFL] decided how to interpret and implement the [final] recusal

6

decision" that was ultimately released to plaintiff.   Stone Suppl. Decl. ¶ 28.   *See Soghoian v. U.S. Dep't of Justice*, 885 F. Supp. 2d 62, 74 (D.D.C. 2012) (discussing deliberative process privilege).

Plaintiff counters that he "is very much aware [of] and understands perfectly well" the claimed exemptions, and that he "is not interested in absolutely one Iota of confidential agency interoffice memo or emails" and the third-party information defendants have withheld.   Pl.'s Opp'n at 2-3, ECF No. 13.   Rather, plaintiff demands "to know WHY U.S. Attorney Wilfredo Ferrer recused himself and what were the conflict of interest he had in Defendant Criminal case and Civil matters."   *Id*. at 3 (capitalization in original).   But FOIA authorizes access to existing agency records notwithstanding the requester's need or purpose, *see Chiquita Brands Int'l Inc. v. S.E.C.*, 805 F.3d 289, 300 (D.C. Cir. 2015); *Abdeljabbar v. Bureau of Alcohol, Tobacco & Firearms*, 74 F. Supp. 3d 158, 176-77 (D.D.C. 2014), and it confers limited jurisdiction on the court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld," 5 U.S.C. § 552(a)(4)(B).   Consequently, the Court cannot compel defendants "to answer questions . . . or to create documents or opinions in response to [plaintiff's] request for information."   *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987).   Since plaintiff has acquiesced in defendants' valid justifications for withholding the responsive records under exemption 5, the agency's motion for summary judgment is granted.

**CONCLUSION**

For the foregoing reasons, the Court concludes that defendants have satisfied their disclosure obligations under FOIA and are entitled to judgment as a matter of law.  A separate order accompanies this Memorandum Opinion.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE:   March 9, 2016